## Commonwealth *v.* Connell, Appellant.

*Statutes—Repeal—Local acts—General act—Billiard rooms—*
*Acts of April 13, 1859, P. L. 614; March 16, 1866, P. L. 203; April*
*9, 1867, P. L. 976, and April 18, 1905, P. L. 212.*

The local Acts of April 13, 1859, P. L. 614; March 16, 1866, P. L. 203, and April 9, 1867, P. L. 976, which established regulations for

pool and billiard rooms in Armstrong County and certain other counties, were not repealed by the general Act of April 18, 1905, P. L. 212, entitled "An act for the better regulation of public billiard rooms, bowling saloons and ten pin alleys in the Commonwealth of Pennsylvania."

A local act will not be repealed by a later general act where it appears that the local act was broader than the general act and contained regulations to which the later statute had no application.

Argued Dec. 13, 1915.   Appeal, No. 88, April T., 1916, by defendant, from judgment of Q. S. Armstrong Co., Dec. T., 1915, No. 6, on verdict of guilty in case of Commonwealth v. John Connell.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Motion in arrest of judgment.

KING, P. J., filed the following opinion:

By the local or special Act of April 13, 1859, P. L. 614, entitled an act "for the better regulation of billiard rooms, bowling saloons and ten pin alleys in the Counties of Chester and Delaware" it was provided and enacted (Section 1) "that it shall not be lawful for the licensed keeper, proprietor, owner or the superintendent or maker of any billiard room, bowling saloon or ten pin alley in the Counties of Chester and Delaware knowingly, to allow or permit any minor to be present in such billiard room, etc.,......and any keeper, proprietor, etc., ......of such billiard room, etc.,......knowingly allowing or permitting any minor to be present therein, shall upon conviction thereof, in the Court of Quarter Sessions of said county, be punished by a fine of not less than the amount of the license nor more than five hundred dollars, and the said licensed keeper, proprietor or owner shall forfeit his license."   Section 2.   No person "licensed to keep a restaurant or eating house, or to sell spirituous or malt liquors, shall establish upon his premises a billiard room, bowling saloon or ten pin alley, shuffle board or such like games, directly communicating with or the

passage to which shall lead through the public bar room, or other place of public resort on the premises, under the penalty of ten dollars for every day such communication shall be allowed, to be recovered as debts of one hundred dollars are recoverable, one-half to go to the informer."

By the supplement of March 16, 1866, P. L. 203, we find further provision as follows: "Provided that no license however obtained to sell spirituous, brewed or malt liquors when used for the sale of any such liquors in any places described in the second section of said act, or other places where bagatelle tables or other contrivances or devices for any games of hazard or address are kept, shall be available to the party so using it as a defense to any indictment for a nuisance or for selling liquors without a license, but shall be declared null and void by the courts before which the same shall be tried; nor shall the penalty imposed by said section operate as such."

By a further supplement of April 9, 1867, P. L. 976, the said act, as well as the supplement of March 16, 1866, was extended to the County of Armstrong.

We have copied somewhat at length from the said act and supplements to show the general purpose of the same in comparison with the General Act of April 18, 1905, P. L. 212, which is entitled: "An act for the better regulation of public billiard rooms, bowling saloons and ten pin alleys in the Commonwealth of Pennsylvania," which provides as follows: Section 1. "That it shall not be lawful for the licensed keeper, proprietor, owner or superintendent of any public pool rooms, billiard rooms, bowling saloons or ten pin alleys in this Commonwealth knowingly, to allow or permit any person under the age of eighteen years to be present in such pool rooms, etc., and that the keeper, proprietor, owner or superintendent of such pool rooms, etc., knowingly allowing or permitting any person under the age of eighteen to be present therein shall be guilty of a misdemeanor, and, upon con-

viction thereof, be punished by a fine of not less than ten dollars nor more than one hundred dollars." Section 2. "All acts or parts of acts inconsistent herewith are hereby repealed."

The indictment in this case charged the defendant with knowingly permitting and allowing Harry Dinger, a minor between the age of eighteen and twenty-one years, to be present and remain in his pool room, in violation of, and contrary to, the provisions of the Act of 1859, as extended to the County of Armstrong, April 9, 1867.

The motion to arrest judgment is founded upon the assumption that said act was repealed by the general Act of 1905.

It will be noticed that the latter act applies only to public pool rooms, etc., while the local act refers to any billiard room, bowling saloon, etc., which would include private as well as public ones licensed as aforesaid. The second section of said local act speaks of persons who may establish upon their premises, in connection with a restaurant or eating house, a billiard room, etc., and the supplement of March 16, 1866, seems to indicate the setting up of such places as private adjuncts to other business. If this be true, then the local act aimed to establish a law applicable alike to such places as were public as well as to those that were, in a sense, private or adjuncts merely of another business, while the purpose of the general Act of 1905 was to regulate and provide a rule applicable only and exclusively to public pool rooms, etc.

An indictment under the general act would have to allege that the pool room or other place was a public one, and the proof upon the trial would have to so show or else there could be no conviction, while under the local act this would not be necessary. A conviction could be had under the local act in any instance, if the facts would warrant, by simply showing that the defendant was a licensed keeper, etc., of any pool room or other place designated in the act. The place might be private—in

connection with a hotel, intended only for the accommodation of the guests, and not the public generally, but nevertheless, the licensed keeper, owner or proprietor would offend against the local act by knowingly allowing and permitting minors to be present therein. Thus we see that the local act is broader and more extensive than the general act, and it cannot be said, as in Nusser v. Commonwealth, 25 Pa. 126, of the general act, "That the whole includes the several parts." It would, therefore, seem as if the subject of legislation in said acts is not identical, and the provision not inconsistent, at most not to such extent that both acts cannot stand and be enforced. We see no reason why the local act, if still in force (as we believe it to be), cannot be enforced within the communities or counties where it applies, and where it is to these a public law, without in the least conflicting with the Act of 1905.

It is settled beyond question that a prior local act is not repealed by a subsequent general statute, unless words of repeal are employed for that purpose, or the intention to repeal is clear, and again, that the repeal of a local or particular act will not be implied from the enactment of a general law, unless there is such conflict between their provisions that both cannot stand.

This is the rule laid down in Dillon, 5th Edition, Vol. I, page 167, and adhered to by our appellate courts in very many cases.

It has been said, "Rarely if ever, does a case arise where it can justly be held that a general statute repeals a local one by a mere implication": Commonwealth, ex rel., v. Brown, 210 Pa. 29. Again, "It is against reason to suppose that the legislature in framing a general system intended to repeal a special act which the local circumstances made necessary. The legislature, and not the courts, judge of the necessity......such a statute is intended to be exceptional": Malloy v. Reinhard, 115 Pa. 25.

We are now warranted in deciding and holding that the

legislative intention was to repeal the local act merely by reason of the repealing words used in the Act of 1905. It has been held that such words do not in themselves operate as a repeal of a previous general or local act with inconsistent or different provisions. In Commonwealth v. Philadelphia & Erie Railroad, 164 Pa. 252, it was said: "There are no repealing words in the Act of 1879 of the Act of 1852, and there is nothing but the usual clause-repealing laws, or parts thereof, inconsistent with the act. But that a mere general law without negative words cannot repeal a previous statute, although the provisions in the two acts are different......must be regarded as settled."

This applies also with even stronger force to a local statute.

From an inspection of the local Act of 1859, and the general Act of 1905, we see much similarity in expression, and we must presume legislative familiarity with the former act, but would naturally expect, if it were the intention of the legislature to repeal the local act, a direct reference to the same in the repealing clause. Such not appearing, there is a strong presumption that no such purpose was intended: Sigfred v. Commonwealth, 104 Pa. 179; Commonwealth v. Philadelphia & Erie Railroad, 164 Pa. 252.

Again in searching for the intent of the legislature, we should seek to discover the reason for the law—the evil or mischief intended to be corrected by it. It is quite probable that in many counties, towns and cities of the Commonwealth of Pennsylvania, boys of eighteen years and under were frequenters, by invitation, of pool rooms, etc., but in the counties where the Act of 1859 was the controlling law, we must assume that its provisions were being observed and enforced, and that the evil or mischief aimed at by the Act of 1905 did not exist in said counties. Hence we conclude that the Act of 1905 was intended to correct and remedy the mischief existing and not to repeal local laws that in the sphere of their operations had eliminated such evil or mischief. It is still

the rule that a general statute does not repeal by implication a previous local act with different or inconsistent provisions, but this rule, being founded upon a presumption of legislative intent, will not apply where a contrary intent is clearly apparent: Commonwealth v. Brown, 210 Pa. 29.

In our opinion, no such legislative intent is clearly apparent in this instance. Therefore, we conclude that the local Act, of 1859, as extended to Armstrong County, was not repealed by the general statute of 1905, and in this we are supported by the learned judge of the Thirtieth Judicial District, who came to the same conclusion upon a consideration of the same statutes in the case of Commonwealth v. Harris, reported in 36 Pa. C. C. R. 328.

We have also given careful consideration to the case of Commonwealth v. Prison Keeper, 49 Pa. Superior Ct. 647, upon which the defendant mostly relies, but, in our opinion, there is a clear distinction between that case and the one under consideration. In that case, as pointed out by President Judge RICE, the subject of the legislation was clearly identical, and the general act was sufficiently broad to cover the offense created in the local act or acts, so that the legislative intent to repeal clearly appeared.

And now, October 26, 1915, motion to arrest judgment is denied.

*Error assigned* was in refusing to arrest the judgment.

*H. A. Heilman,* with him *Clark S. Hulings,* for appellant.—The Act of 1905, being general in its nature, the legislature thereby intended to make a new law relating to pool rooms, billiard rooms, etc., and to prescribe a new, complete and general rule for regulating such pool rooms, etc., and to prescribe a punishment for the violation of such rule, which rule should be applicable and uniform in every part of the Commonwealth. In the case of Newbold v. Pennock, 154 Pa. 592; Nusser v. Com., 25 Pa. 126; Quinn v. Cumberland County, 162 Pa.

55; Com., ex rel., v. Weir, 165 Pa. 284; Keller v. Com., 71 Pa. 413; Myers v. Com., for use, 110 Pa. 217; Com. v. Summerville, 204 Pa. 330.

Even when two acts are not in express terms repugnant, yet if the later one covers the whole subject of the first and embraces new provisions plainly showing that it was intended as a substitute for it, the latter acts-as a repeal of the earlier act: United States v. Tynen, 11 Wallace 92; Fraim v. Lancaster County, 171 Pa. 436; Hays v. Cumberland County, 5 Pa. Superior Ct. 159; Johnston's Est., 33 Pa. 511; Best v. Baumgardner, 122 Pa. 17; Com., ex rel., v. Prison Keeper, 49 Pa. Superior Ct. 647; Turbett Twp. v. Port Royal Boro., 33 Pa. Superior Ct. 520; Bergey's App., 60 Pa. 408.

*Clarence O. Morris,* District Attorney, for appellee.— The earlier acts are not repealed by the Act of 1905: Com. v. Harris, 36 Pa. C. C. R. 328; Com. v. Prison Keeper, 49 Pa. Superior Ct. 647; Com. v. Brown, 210 Pa. 29; Nusser v. Com., 25 Pa. 126; Walter's App., 70 Pa. 392; City of Harrisburg v. Sheck, 104 Pa. 53; Sigfred v. Com., 104 Pa. 179.

To work a repeal of one statute by another later one because of repugnance, the repugnance must be clear, palpable and beyond honest dispute: Uhler v. Moses, 200 Pa. 498; Com. v. Prison Keeper, 49 Pa. Superior Ct. 647; Com. v. Vetterlein, 21 Pa. Superior Ct. 587; Malloy v. Rhinehard, 115 Pa. 25; Commonwealth v. Philadelphia & Erie Railroad, 164 Pa. 252; Murdock's Petition, 149 Pa. 341.

OPINION BY PORTER, J., December 16, 1916:

The only question involved in this appeal is, were the local Acts of April 13, 1859, P. L. 614; March 16, 1866, P. L. 203, and April 9, 1867, P. L. 976, which established regulations for billiard rooms, etc., in Armstrong and certain other counties, repealed by the general Act of April 18, 1905, P. L. 212, entitled: "An act for the better

regulation of public billiard rooms, bowling saloons and ten pin alleys in the Commonwealth of Pennsylvania"? The opinion of the learned judge of the court below, which will appear in the report of this case, quotes the material provisions of the several statutes involved and so satisfactorily sustains his conclusion that the local laws were not repealed by the general statute that we do not deem it necessary to discuss the question at length. The local statutes not only enacted that it should be unlawful for the licensed keeper of a billiard room to allow or permit any minor to be present in such billiard room but also provided stringent regulations with regard to the sales of liquor in such billiard rooms and the location of such rooms with regard to any licensed bar room. The general Act of April 18, 1905, P. L. 212, although its title was broad enough to cover almost any code of regulations for public billiard rooms, enacted only one regulation in regard thereto, declaring it to be unlawful for the licensed keeper of any public billiard room, etc., to permit any person under the age of eighteen years to be present in such room, and that the proprietor knowingly allowing or permitting any person under the age of eighteen to be present therein shall be guilty of a misdemeanor, and, upon conviction thereof, be punished by a fine of not less than ten dollars nor more than one hundred dollars. The second section of the statute enacted that "All acts or parts of acts inconsistent herewith are hereby repealed." This provision of the second section was not effective to repeal a preexisting local statute, unless from a consideration of all the provisions of the general act it is clearly apparent that it was the legislative intention to accomplish that result: Commonwealth v. Philadelphia & Erie Railroad, 164 Pa. 252; Commonwealth, ex rel., Prison Keeper, 49 Pa. Superior Ct. 651. The local statutes with which we are now dealing made it unlawful for the keeper of a billiard room to permit any minor, that is any person under twenty-one years of age, to be present in such room; the general

statute of 1905 prohibited the presence in such rooms of any person under the age of eighteen years; it says nothing about persons between the ages of eighteen and twenty-one years and leaves the law as to such persons in precisely the same condition that it was before, so far as the express words of the statute are concerned. If the local acts were repealed as to persons between the ages of eighteen and twenty-one years the repeal is by implication only, for the general statute contains no negative words. The question of the repeal of a local law by a later general statute is dealt with and the decisions with regard thereto carefully considered in the opinion of Chief Justice MITCHELL in Commonwealth v. Brown, 210 Pa. 29. The conclusion in that case reached was that the rule that a general statute does not repeal by implication a local act with different or inconsistent provisions still prevails, but the rule being founded on a presumption of legislative intent, will not apply when a contrary intent is clearly apparent. In that case, as in this, the local act was broader and contained regulations to which the later statute had no application. This being the case, the learned Chief Justice said: "The subjects of the two acts, therefore, though closely related, are not identical, and it does not seem reasonable to suppose that the legislature regarding them as the same and meant the latter act to repeal part of the earlier one, leaving so important a portion of the subject admittedly untouched." This language applies with equal reason to the case with which we are now dealing. We decided in Commonwealth, ex rel., Prison Keeper, supra, that the general Act of June 7, 1901, P. L. 492, which enacted a complete regulation for the arrest of professional thieves, pickpockets, etc., and directed all the details of the manner of trial, repealed previously existing local laws upon the same subject, but the opinion of President Judge RICE, in that case, clearly sets forth the grounds upon which that decision was based, viz: "Taking all these things into consideration we are led to the conclusion that the legislature intended

by the Act of 1901 to revise the entire law relating to the subject-matter, and to prescribe a new, complete and general rule defining and punishing the offense, which should be applicable uniformly and at once in every part of the Commonwealth." It certainly cannot be said that the Act of 1905, for the regulation of licensed billiard rooms, was intended to be in itself a complete system regulating the subject-matter, for it does not even attempt to make any regulation with regard to the manner in which such rooms shall be licensed. To hold that this statute, consisting of a few lines, was to constitute the only regulation of the subject-matter would result in the implied repeal of the statutes imposing a penalty for conducting a public billiard room without a license and imposing penalties for permitting gaming in such rooms. We find nothing in the statute which would warrant us in holding that the legislature intended by the act to revise the entire law relating to the subject-matter, and it does not clearly appear that the legislature intended to repeal previously existing local legislation.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.